SCOTT N. SCHOOLS, SCSBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
EDWARD A. OLSEN, CSBN 214150
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102
Telephone: (415) 436-6915
FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SANJAY SINGH, ELIZABETH FRANTZ, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; EMILIO T. GONZALES, Director, U.S. Citizenship and Immigration Services; ROSEMARY MELVILLE, District Director, U.S.C.I.S. San Francisco District Office; ALBERTO GONZALES, Attorney General; ROBERT MUELLER, Director of the Federal Bureau of Investigations; <br><br> Defendants. | No. C 07-4708 WHA <br><br> **ANSWER** |

The Defendants hereby submit their answer to Plaintiffs' Complaint for Writ of Mandamus and Declaratory and Injunctive Relief.

**PRELIMINARY STATEMENT**

1. Defendants admit the allegations in Paragraph One with the exception that the adjustment of status application was filed on September 1, 2004.

2. Defendants admit that Plaintiff Singh's application has been pending since September 1, 2004. Defendants are without sufficient information to admit or deny the remaining allegations in

ANSWER
C 07-4708 WHA                1

Paragraph Two.

## JURISDICTION

3. Paragraph Three consists of Plaintiffs' allegations regarding jurisdiction, to which no responsive pleading is required; to the extent a response is deemed to be required; the defendants deny that there is jurisdiction over this matter under any of the statues cited in Paragraph Three.

## VENUE

4. Paragraph Four consists of Plaintiffs' allegations regarding venue, to which no responsive pleading is required.

## STANDING

5. Paragraph Five consists of Plaintiffs' characterization of this action for which no answer is necessary; however, to the extent a response is deemed to be required, Defendants are without sufficient information to admit or deny the allegations in Paragraph Five.

## PLAINTIFFS

6. Defendants deny the allegations that the I-485 was clearly approvable as no application is approvable without completion of the background checks. The remaining allegations consists of Plaintiffs' characterization of this action for which no answer is necessary.

7. Defendants admit that Plaintiff Singh is a native of India, however, Defendants are without sufficient information to admit or deny his residence. Defendants admit the last sentence in Paragraph Seven.

8. Defendants admit that Plaintiff Frantz is a native and citizen of the United States, however, Defendants are without sufficient information to admit or deny her residence. The remaining allegations consists of Plaintiffs' characterization of this action for which no answer is necessary.

## DEFENDANTS

9. Defendants admit the allegations in Paragraph Nine.

10. Defendants admit the allegations in Paragraph Ten.

11. Defendants admit the allegations in Paragraph Eleven.

12. Defendants admit the allegations in Paragraph Twelve.

13. Defendants admit the allegations in Paragraph Thirteen.

14. Defendants admit the allegations in Paragraph Fourteen.

**FACTUAL ALLEGATIONS**

15. Defendants deny the allegations in Paragraph Fifteen. Plaintiff Singh's application was filed on September 1, 2004, and he is not eligible for adjustment until completion of the background checks. The remaining allegations consists of Plaintiffs' characterization of this action for which no answer is necessary.

16. Defendants admit the allegations in Paragraph Sixteen.

17. Defendants deny the allegations in Paragraph Seventeen.

18. Defendants admit the allegation that the Plaintiffs were married on June 25, 2004; however, Defendants deny the date Plaintiff Singh filed his adjustment application.

19. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Nineteen.

20. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty.

21. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty-One.

22. Defendants admit the allegations in Paragraph Twenty-Two.

23. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty-Three.

24. Defendants are without sufficient information or knowledge to either admit or deny the allegations in Paragraph Twenty-Four.

25. Defendants admit the allegation that over three years have elapsed since Plaintiff Singh filed his application. Defendants are without sufficient information or knowledge to either admit or deny the remaining allegations in Paragraph Twenty-Five.

26. Defendants deny the allegations in Paragraph Twenty-Six.

27. Paragraph Twenty-Eight consists of Plaintiffs' characterization of this action for which no answer is necessary; however, to the extent a response is deemed to be required, Defendants deny the allegations in Paragraph Twenty-Seven.

28. Defendants deny the allegations in Paragraph Twenty-Eight.

29. Paragraph Twenty-Nine consists of Plaintiffs' characterization of this action for which no answer is necessary; however, to the extent a response is deemed to be required, Defendants deny the allegations in Paragraph Twenty-Nine.

30. Paragraph Thirty consists of Plaintiffs' characterization of this action for which no answer is necessary; however, to the extent a response is deemed to be required, Defendants deny the allegations in Paragraph Thirty.

### FIRST CAUSE OF ACTION

31. Defendants incorporates its responses to Paragraph One through Twenty-Nine as if set forth fully herein.

32. Paragraph Thirty-Two consists of Plaintiffs' characterization of this action for which no answer is necessary; however, to the extent a response is deemed to be required, Defendants deny the allegations in Paragraph Thirty-Two.

### SECOND CAUSE OF ACTION

33. Defendants incorporates its responses to Paragraph One through Twenty-Nine as if set forth fully herein.

34. Defendants deny the allegation sin Paragraph Thirty-Four.

### RELIEF REQUESTED

The remaining paragraphs consists of Plaintiffs' prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny this paragraph.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The court should dismiss the Complaint for lack for subject matter jurisdiction.

///

///

ANSWER
C 07-4708 WHA                                             4

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiffs' Complaint with prejudice; that Plaintiffs take nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: November 13, 2007

Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

/s/
EDWARD A. OLSEN
Assistant United States Attorney
Attorneys for Defendants